IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY CASON, as Special Administrator of  )
the Estate of Charles Keith Cason, Deceased, )
                                                                       )
                  **Plaintiff,**                 )
                                                       )
vs.                                                        )        CIVIL NO. 08-617-GPM
                                                       )
**HOLMES TRANSPORT, INC.,**        )
                                                       )
                  **Defendant.**               )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This matter is before the Court on preliminary review of the allegations of federal subject matter jurisdiction asserted in the notice of removal filed by Defendant Holmes Transport, Inc. ("Holmes"). *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *see also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

      Holmes has removed this action from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, to this Court in federal diversity jurisdiction, which requires of course that the parties to a case be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). Although it is apparent from both the notice of removal and the allegations of

the underlying state-court complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs,[1] the Court finds that Holmes, which as the removing party has the burden of establishing federal jurisdiction, *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Cassens*, 430 F. Supp. 2d at 833, has failed properly to allege complete diversity of citizenship.

The notice of removal alleges that "Plaintiff, Mary Cason, as Special Administrator of the Estate of Charles Keith Cason, deceased, is a resident of the State of Illinois" (*see* Doc. 3, para. 2). There are two problems with this allegation. First, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2). Thus, only the citizenship of Charles Keith Cason, the deceased, matters for purposes of determining jurisdiction, and the notice of removal is silent on this issue.

Moreover, because federal courts have jurisdiction over citizens of different states, a complaint must allege the *citizenship* of each party, not the residence. *Held v. Held*, 137 F.3d 998 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994). The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. *See, e.g., Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Thus, Holmes must allege the *citizenship* of the *decedent*, Charles Keith Cason.

Finally, the Court is concerned by the phrase "to the best of its knowledge," in the notice of removal (*see* Doc. 3, para. 2). An allegation based upon "information and belief" is insufficient to invoke

---

[1] The complaint seeks "a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs of this action" (*see* Doc. 3-2), and Holmes points to this demand in its notice of removal. Although Holmes never alleges that the amount in controversy exceeds $75,000, *exclusive of interest and costs*, as required by 28 U.S.C. § 1332(a), the Court notes that this is a wrongful death case, and it does not appear to "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

this Court's jurisdiction, and this allegation is similarly weak. *See America's Best Inns, Inc v. Best Inns of Abilene, L.P..*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Mifflin v. Clark*, Civil No. 04-4092-GPM, 2006 WL 1380017, at *1 (S.D. Ill. May 15, 2006).

Pursuant to 28 U.S.C. § 1653 the Court will grant Holmes leave to amend the defective allegations of citizenship in its notice of removal. "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). *See also Guaranty Nat'l Title Co.*, 101 F.3d at 59 (noting that dismissal of a case due to defective allegations of federal subject matter jurisdiction is appropriate only when "after multiple opportunities [the parties asserting federal jurisdiction] do not demonstrate that jurisdiction is present[.]"). *See also Bova v. U.S. Bank, N.A.*, Civil No. 06-453-GPM, 2006 WL 2246409, at *7 (S.D. Ill. Aug. 4, 2006) (quoting *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006)) ("A notice of removal may be amended more than thirty days after the time to remove has expired . . . to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice.").

Therefore, it is hereby **ORDERED** that Holmes **SHALL** file an amended notice of removal on or before **September 30, 2008**. Failure to file an amended notice of removal that invokes federal jurisdiction will result in the remand of this action to St. Clair County, Illinois.

**IT IS SO ORDERED.**

DATED: 09/04/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge